# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| PAMELA LEMONS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 5:14-cv-1864-BYP |
| ACCREDITED COLLECTION AGENCY INC.;<br>JEFF WINTERS;<br>GUIDIVILLE RANCHERIA OF CALIFORNIA;<br>GUIDIVILLE INDIAN RANCHERIA;<br>GUIDIVILLE BAND OF POMO INDIANS;<br>UKIS;<br>UKIS FINANCIAL;<br>MICHAEL DERRY;<br>UNITED CREDIT SPECIALIST RECOVERY;<br>JOEY CAPO;<br>JOSEPHINE CAPO; and<br>DOE 1-5 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

1

**JURISDICTION AND VENUE**

2.     This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the harm alleged herein while Plaintiff so resided.

**PARTIES**

3.     Plaintiff, Pamela Lemons (hereinafter "Plaintiff" or "Ms. Lemons"), is a natural person residing in Henagar, Alabama.  Defendant ACCREDITED COLLECTION AGENCY INC. is believed to be a New Jersey corporation with a principle place of business at 38 East Richwood Avenue, Suite 395, in Richwood, New Jersey.  JEFF WINTERS is believed to be the chief executive officer of ACCREDITED COLLECTION AGENCY INC BUREAU, LLC, a debt collector, and responsible for the policies and procedures of the company, including those giving rise to one or more of Plaintiff's causes of action herein.  Defendant UNITED CREDIT SPECIALIST RECOVERY is believed to be a fictitious business name or otherwise wholly owned and operated enterprise of GUIDIVILLE RANCHERIA OF CALIFORNIA aka GUIDIVILLE INDIAN RANCHERIA aka GUIDIVILLE BAND OF POMO INDIANS. Defendant UKIS aka UKIS FINANCIAL, located at #1 Medicine Way in Ukiah, CA., is believed to be a fictitious business name or otherwise wholly owned and operated enterprise of GUIDIVILLE RANCHERIA OF CALIFORNIA aka GUIDIVILLE INDIAN RANCHERIA aka GUIDIVILLE BAND OF POMO INDIANS.  Defendant JOEY CAPO aka JOSEPHINE CAPO is the Director of Operations of UNITED CREDIT SPECIALIST RECOVERY, and ACCREDITED COLLECTION AGENCY INC.  Defendant GUIDIVILLE RANCHERIA OF

CALIFORNIA aka GUIDIVILLE BAND OF POMO INDIANS aka GUIDIVILLE INDIAN RANCHERIA, located at 401 B Talmage Road in Ukiah, CA., is a Native American tribe of which UNITED CREDIT SPECIALIST RECOVERY, ACCREDITED COLLECTION AGENCY INC., UKIS, and UKIS FINANCIAL are wholly owned and operated.  MICHAEL DERRY is the chief executive officer of GUIDIVILLE RANCHERIA OF CALIFORNIA aka GUIDIVILLE BAND OF POMO INDIANS aka GUIDIVILLE INDIAN RANCHERIA, and responsible for the formation and operation of all of the tribe's commercial enterprises, including UNITED CREDIT SPECIALIST RECOVERY, ACCREDITED COLLECTION AGENCY INC., UKIS, and UKIS FINANCIAL.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. ACCREDITED COLLECTION AGENCY INC, JEFF WINTERS, UNITED CREDIT SPECIALIST RECOVERY, UKIS, UKIS FINANCIAL, MICHAEL DERRY, GUIDIVILLE RANCHERIA OF CALIFORNIA, GUIDIVILLE BAND OF POMO INDIANS, GUIDIVILLE INDIAN RANCHERIA, JOEY CAPO, JOSEPHINE CAPO, and DOE 1-5 shall hereafter be jointly referred to as "Defendants," each responsible for the activities giving rise to one or more of Plaintiff's causes of action herein.

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

3

## FACTUAL ALLEGATIONS

7. In October of 2013 Defendants began contacting Ms. Lemons in an attempt to collect a consumer debt allegedly owed by Ms. Lemons.

8. In October of 2013 Defendants called Ms. Lemons at her place of employment. Ms. Lemons advised Defendants that such calls were prohibited at her place of employment.

9. On the morning of March 6, 2014 Defendants once again called Ms. Lemons at her place of employment. Ms. Lemons once again advised Defendants not to call her at work, asked that they stop calling her, and then hung up on Defendants. Defendants placed seven additional calls to Ms. Lemon's work number that morning. Ms. Lemons, a call center representative, was required to answer the incoming calls. She advised Defendants again to stop calling her at work. Defendants called again and asked to speak with the human resources dept. Ms. Lemons terminated the call.

10. Unable to terminate Defendants' calls to her place of employment, Ms. Lemons retained counsel with Centennial Law Offices.

11. As a direct result of the collection activity herein alleged, Ms. Lemons incurred legal fees of $2,455.00.

## CAUSES OF ACTION

### COUNT I

12. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(a)(1) and 1692c(a)(2)

by continuing to contact Plaintiff at her place of employment after being advised of the prohibition.

## CAUSES OF ACTION

### COUNT II

13.     Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any Plaintiff in connection with the collection of a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,455.00 for legal costs incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  February 27, 2015                         s/ Robert Amador

ROBERT AMADOR, ESQ.
Attorney for Plaintiff PAMELA LEMONS
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
(888)535-8267 fax
R.Amador@centenniallawoffices.com