FILED
2015 Mar-17 PM 11:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| PAMELA LEMONS,<br><br>    Plaintiff,<br><br>v.<br><br>ACCREDITED COLLECTION AGENCY INC.;<br>JEFF WINTERS;<br>GUIDIVILLE RANCHERIA OF CALIFORNIA;<br>GUIDIVILLE INDIAN RANCHERIA;<br>GUIDIVILLE BAND OF POMO INDIANS;<br>UKIS;<br>UKIS FINANCIAL;<br>MICHAEL DERRY;<br>UNITED CREDIT SPECIALIST RECOVERY;<br>JOEY CAPO; and<br>DOE 1-5<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FIRST AMENDED COMPLAINT
### (Jury Trial Demanded)

1.   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

1

## JURISDICTION AND VENUE

2.     This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the harm alleged herein while Plaintiff so resided.

## PARTIES

3.     Plaintiff, Pamela Lemons (hereinafter "Plaintiff" or "Ms. Lemons"), is a natural person residing in Henagar, Alabama.

4.     Defendant ACCREDITED COLLECTION AGENCY INC. is believed to be a New Jersey corporation with a principle place of business at 38 East Richwood Avenue, Suite 395, in Ridgewood, New Jersey.

5.     Defendant JEFF WINTERS is believed to be the chief executive officer of Defendant ACCREDITED COLLECTION AGENCY INC., a debt collector, and responsible for the policies and procedures of the company, including those giving rise to Plaintiff's causes of action herein.

6.     Defendant GUIDIVILLE RANCHERIA OF CALIFORNIA aka GUIDIVILLE BAND OF POMO INDIANS aka GUIDIVILLE INDIAN RANCHERIA[1] (hereinafter "GUIDIVILLE"), located at 401 B Talmage Road in Ukiah, CA., is a Native American tribe that, along with defendant JEFF WINTERS, owns and operates UNITED CREDIT SPECIALIST RECOVERY, ACCREDITED COLLECTION AGENCY INC., UKIS, and UKIS Financial.

7.     Defendants UNITED CREDIT SPECIALIST RECOVERY, UKIS, and UKIS FINANCIAL are believed to be fictitious business names owned and operated as a single

---

[1] This defendant has identified itself by each of these names.  At this time Plaintiff has not ascertained which name is defendant's true legal name.  It being easier to dismiss a defendant than file amended pleadings and new summonses, Plaintiff has named each as a defendant.

2

enterprise by defendant GUIDIVILLE.  Defendant UNITED CREDIT SPECIALIST RECOVERY is located at the same address as ACCREDITED COLLECTION AGENCY INC., which is 38 E. Ridgewood Ave., Ste 395 in Ridgewood, New Jersey.  UKIS aka UKIS FINANCIAL are believed to be located at #1 Medicine Way in Ukiah, CA.

8. Defendant JOEY CAPO (hereinafter "CAPO") was the Director of Operations of UNITED CREDIT SPECIALIST RECOVERY and ACCREDITED COLLECTION AGENCY INC. during the alleged actions giving rise to Plaintiff's causes of action herein, a debt collector, and responsible for the policies and procedures of the company, including those giving rise to Plaintiff's causes of action herein.

9. Defendant MICHAEL DERRY is the chief executive officer of Defendant GUIDIVILLE and responsible for the formation and operation of all of the tribe's commercial enterprises, including the debt collection entities of UNITED CREDIT SPECIALIST RECOVERY, ACCREDITED COLLECTION AGENCY INC., UKIS, and UKIS FINANCIAL.

10. Defendants JEFF WINTERS and CAPO, in their respective roles as CEO and Director of Operations of Defendant ACCREDITED COLLECTION AGENCY, INC. and UNITED CREDIT SPECIALIST RECOVERY, are each responsible for the debt collection policies and procedures of these businesses.

11. Defendant MICHAEL DERRY, in his capacity as CEO of Defendant GUIDIVILLE, is responsible for the creation and operations of debt collection companies UNITED CREDIT SPECIALIST RECOVERY, UKIS, and UKIS FINANCIAL.

12. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and

thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

13. ACCREDITED COLLECTION AGENCY INC, JEFF WINTERS, UNITED CREDIT SPECIALIST RECOVERY, UKIS, UKIS FINANCIAL, MICHAEL DERRY, GUIDIVILLE RANCHERIA OF CALIFORNIA, GUIDIVILLE BAND OF POMO INDIANS, GUIDIVILLE INDIAN RANCHERIA, JOEY CAPO, and DOE 1-5 shall hereafter be jointly referred to as "Defendants," each directly or indirectly responsible for the activities giving rise to each of Plaintiff's causes of action herein.

14. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

15. Defendants are debt collectors that routinely change the name they operate under in order to avoid name recognition, liability, and service of process.

16. Defendants, and each of them, conspired to engage in unlawful debt collection activities for profit, including those alleged herein, with the intent to escape liability through a myriad of fictitious business names.  Further, Defendants MICHAEL DERRY and JEFF WINTERS formed and/or operated the various defendant debt collection companies as tribal businesses in a bid to shelter them under a theory of tribal sovereign immunity from state law claims.

17. Defendants ACCREDITED COLLECTION AGENCY, INC. and UNITED CREDIT SPECIALISTS RECOVERY share the same address at 38 E. Ridgewood Ave., #395, Ridgewood, New Jersey.

18. Defendants ACCREDITED COLLECTION AGENCY, INC. and UNITED CREDIT SPECIALISTS RECOVERY shared a prior business address at 395 West Passaic Street, Third Floor, Rochelle Park, New Jersey from December 1, 2012 to May 1, 2014.

19. Defendants ACCREDITED COLLECTION AGENCY, INC. and UNITED CREDIT SPECIALISTS RECOVERY have the same phone numbers of (201)670-8851 and (800)356-3713, as well as the same fax number.

20. Defendants ACCREDITED COLLECTION AGENCY, INC. and UNITED CREDIT SPECIALISTS RECOVERY have the same employees and in-house counsel.

21. In October of 2013 Defendants began contacting Ms. Lemons in an attempt to collect a consumer debt allegedly owed by Ms. Lemons.

22. In October of 2013 Defendants called Ms. Lemons at her place of employment. Ms. Lemons advised Defendants that such calls were prohibited at her place of employment.

23. On the morning of March 6, 2014 Defendants once again called Ms. Lemons at her place of employment.  Ms. Lemons once again advised Defendants not to call her at work, asked that they stop calling her, and then hung up on Defendants.  Defendants placed seven additional calls to Ms. Lemon's work number that morning.  Ms. Lemons, a call center representative, was required to answer the incoming calls.  She advised Defendants again to stop calling her at work.  Defendants called again and asked to speak with the human resources dept.  Ms. Lemons terminated the call.

24. Unable to terminate Defendants' calls to her place of employment, Ms. Lemons retained counsel with Centennial Law Offices.

25. As a direct result of the collection activity herein alleged, Ms. Lemons incurred legal fees of $3,055.00.

## CAUSES OF ACTION

### COUNT I

26. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(a)(1) and 1692c(a)(2) by continuing to contact Plaintiff at her place of employment after being advised of the prohibition.

## CAUSES OF ACTION

### COUNT II

27. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any Plaintiff in connection with the collection of a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $3,055.00 for legal costs incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: March 17, 2015

s/ Robert Amador
ROBERT AMADOR, ESQ.
Attorney for Plaintiff PAMELA LEMONS
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
(888)535-8267 fax
R.Amador@centenniallawoffices.com