UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| PAMELA LEMONS,  )<br>　　　　Plaintiff,  )<br>v.  )<br>　　)<br>UNITED CREDIT SPECIALIST  )<br>RECOVERY;  )<br>GUIDIVILLE RANCHERIA OF  )<br>CALIFORNIA;  )<br>MICHAEL DERRY;  )<br>JEFF WINTERS;  )<br>JOEY CAPO; and  )<br>DOE 1-5  )<br>　　Defendants.  ) | Civil Action No. 4:15-CV-368-VEH |

## SECOND AMENDED COMPLAINT
(Jury Trial Demanded)

1.　Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.　This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the harm alleged herein while Plaintiff so resided.

### PARTIES

3.　Plaintiff, Pamela Lemons (hereinafter "Plaintiff" or "Ms. Lemons"), is a natural person residing in Henagar, Alabama.

1

4. Defendant UNITED CREDIT SPECIALIST RECOVERY is believed to be a fictitious business name for a debt collection enterprise owned and operated by Defendant GUIDIVILLE RANCHERIA OF CALIFORNIA.  Defendant UNITED CREDIT SPECIALIST RECOVERY is located at 38 E. Ridgewood Ave., Ste 395 in Ridgewood, New Jersey.

5. Defendant GUIDIVILLE RANCHERIA OF CALIFORNIA (hereinafter "GUIDIVILLE"), located at 401 B Talmage Road in Ukiah, CA, is a Native American tribe that, along with Defendant JEFF WINTERS, owns and operates Defendant UNITED CREDIT SPECIALIST RECOVERY.

6. Defendant MICHAEL DERRY is the chief executive officer of Defendant GUIDIVILLE and responsible for the formation and operation of all of the tribe's commercial enterprises, including the debt collection enterprise of Defendant UNITED CREDIT SPECIALIST RECOVERY.

7. Defendant JEFF WINTERS is believed to be the manager//president/co-owner of Defendant UNITED CREDIT SPECIALISTS RECOVERY, and responsible for the debt collection policies and procedures of the company, including those giving rise to Plaintiff's causes of action herein.

8. Defendant JOEY CAPO (hereinafter "CAPO") was the Director of Operations of UNITED CREDIT SPECIALIST RECOVERY during the alleged actions giving rise to Plaintiff's causes of action herein, and responsible for the debt collection policies and procedures of the company, including those giving rise to Plaintiff's causes of action herein.

9. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and

thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

10.  JEFF WINTERS, UNITED CREDIT SPECIALIST RECOVERY, MICHAEL DERRY, GUIDIVILLE RANCHERIA OF CALIFORNIA, JOEY CAPO, and DOE 1-5 shall hereafter be jointly referred to as "Defendants," each directly or indirectly responsible for the activities giving rise to each of Plaintiff's causes of action herein.

11.  Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

12.     In October of 2013, UNITED CREDIT SPECIALIST (hereinafter "UNITED") called Ms. Lemons at her place of employment.  Ms. Lemons advised UNITED that such calls were prohibited at her place of employment.

13.     On the morning of March 6, 2014 Defendant UNITED once again called Ms. Lemons at her place of employment.  Ms. Lemons once again advised UNITED not to call her at work, asked that they stop calling her, and then hung up on UNITED.  UNITED placed seven additional calls to Ms. Lemon's work number that morning.  Ms. Lemons, a call center representative, was required to answer the incoming calls.  She advised UNITED again to stop calling her at work.  UNITED called again and asked to speak with the human resources dept.  Ms. Lemons terminated the call.

14.     Unable to terminate UNITED's calls to her place of employment, Ms. Lemons retained counsel with Centennial Law Offices.

15. Defendants JEFF WINTERS and CAPO, in their respective roles as manager/president/co-owner and Director of Operations of Defendant UNITED CREDIT SPECIALIST RECOVERY, each control and direct the debt collection policies and procedures of the enterprise.

16. Defendant GUIDIVILLE, as owner/operator of Defendant UNITED CREDIT SPECIALIST RECOVERY, is responsible for, aware of, authorizes, and directs UNITED CREDIT SPECIALIST RECOVERY and its debt collection procedures.

17. Defendant MICHAEL DERRY, in his capacity as CEO of Defendant GUIDIVILLE, is responsible for the creation and operations of Defendant GUIDIVILLE'S debt collection enterprise UNITED CREDIT SPECIALIST RECOVERY and is aware of, authorizes, and directs UNITED CREDIT SPECIALIST RECOVERY and its debt collection procedures.

18. Defendants GUIDIVILLE, UNITED CREDIT SPECIALISTS, MICHAEL DERRY, JEFF WINTERS, and CAPO are directly or indirectly responsible for the debt collection actions alleged herein.

19. Defendants GUIDIVILLE, MICHAEL DERRY, JEFF WINTERS, and CAPO, and each of them, conspired to engage in unlawful debt collection activities for profit, including those alleged herein, with the intent to escape liability through a myriad of fictitious business names, including that of Defendant UNITED CREDIT SPECIALISTS.  Further, Defendants MICHAEL DERRY and JEFF WINTERS formed and/or operated the defendant debt collection company as a tribal business in a bid to shelter it under a theory of tribal sovereign immunity from state law claims.

20. As a direct result of the collection activity herein alleged, Ms. Lemons incurred legal fees of $3,055.00.

## CAUSES OF ACTION

### COUNT I

21.     Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(a)(1) and 1692c(a)(2) by causing continued contact, or continuing to contact, Plaintiff at her place of employment after being advised of the prohibition.

## CAUSES OF ACTION

### COUNT II

22.     Plaintiff re-alleges paragraphs 1 through 20, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d by engaging in conduct, or causing conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

   1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

   2.) For $3,055.00 for legal costs incurred in responding to unlawful collection activity;

   3.) For prejudgment interest in an amount to be proved at time of trial;

   4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  April 1, 2015           s/ Robert Amador
                                                    ROBERT AMADOR, ESQ.
                                                    Attorney for Plaintiff PAMELA LEMONS
                                                    Centennial Law Offices
                                                    9452 Telephone Rd. 156
                                                    Ventura, CA. 93004
                                                    (888)308-1119 ext. 11
                                                    (888)535-8267 fax
                                                    R.Amador@centenniallawoffices.com